UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT BOGDAN LUCIAN LEVIGNE,<br><br>　　　　　　　Plaintiff(s),<br>　　v.<br><br>BRAIN J SIDES, et al.,<br><br>　　　　　　　Defendant(s). | CASE NO. c25-1816-KKE<br><br>ORDER DECLINING TO ISSUE SUMMONS AND DISMISSING CASE WITHOUT PREJUDICE |

　　　Plaintiff Scott LeVigne, representing himself, filed this action and applied to proceed *in forma pauperis* ("IFP"). Dkt. No. 1. United States Magistrate Judge S. Kate Vaughan granted Plaintiff's IFP application on September 25, 2025, but recommended that the Court review his complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4.

　　　A complaint filed by any person seeking to proceed IFP under 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP plaintiffs). Dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although Rule 8 "does not require 'detailed factual allegations,' [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

In this case, Plaintiff asserts that he suffered "[r]etaliation" after he notified the human resources department at his employer—apparently non-party Ahtna Security—that "another [e]mployee … had his personal knife and was [b]randishing it during shift[.]" Dkt. No. 5 at 4. Plaintiff alleges that, instead of disciplining the other employee, his employer at first suspended, and ultimately terminated, him, purportedly for "using [his] own car[.]" *Id*. Plaintiff further alleges he had informed his employer of a "medical condition"—which he lists in his complaint as "Open Heart Surgery"—and that this report "ultimately led to disciplinary actions and contributed to [Plaintiff's] termination." *Id*. Plaintiff asserts claims against Defendants Brian J. Sides,[1] an Account Manager as Ahtna Security, and the "U.S. Coast Guard Base Seattle" for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2; and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

As recommended by Judge Vaughan, the Court has reviewed Plaintiff's complaint and finds that it fails to state a claim on which relief may be granted. To begin, under both Title VII

---

[1] The Complaint spells Defendant Sides's first name as "Brain." Dkt. No. 5 at 1–2. Sides's Answer, however, indicates his correct name is Brian. Dkt. No. 11. As detailed below, the Court concludes that service on Sides was ineffective.

ORDER DECLINING TO ISSUE SUMMONS AND DISMISSING CASE WITHOUT PREJUDICE - 2

and the ADA, a claimant may generally bring suit in federal court only after filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") or equivalent state agency and obtaining a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(e), (f); *id.* § 12117(a) (incorporating Title VII's exhaustion requirements); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 n.1 (9th Cir. 2001) ("Title VII requires that a plaintiff obtain a 'right to sue' letter from the EEOC before filing an action."). "A plaintiff may also bring suit when the EEOC has not acted on a charge for 180 days." *Warren v. Harker*, No. 3:21-CV-05167-TL, 2022 WL 2440109, at *2 (W.D. Wash. July 5, 2022) (citing *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1110 (9th Cir. 2018)). Plaintiff's complaint indicates that he filed a charge with the EEOC sometime between September 9 and 15, 2025, and that he has not received a right-to-sue letter. Dkt. No. 5 at 6. Because he has not exhausted administrative remedies available through the EEOC or state equivalent, Plaintiff may not bring his claims under Title VII and the ADA until he receives a right-to-sue letter (or 180 days have passed without action by the EEOC or state equivalent). *See Scott*, 888 F.3d at 1106 ("[A] [Title VII] claimant must exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency, like the DFEH, and receiving a right-to-sue letter.")

Because Plaintiff's complaint does not indicate that he exhausted administrative remedies before suing under Title VII and the ADA, the Court cannot find that Plaintiff has stated valid claims upon which this Court can grant relief. Plaintiff cannot cure the defect in his Title VII and ADA claims until he receives a right to sue letter or 180 days have passed since the filing of his charge without action from the EEOC, and therefore, an amended complaint would be futile on these claims at this time.

In addition, while the complaint contains a single reference to FOIA, it alleges no facts supporting a FOIA claim or indicating that Plaintiff has met FOIA's administrative exhaustion

ORDER DECLINING TO ISSUE SUMMONS AND DISMISSING CASE WITHOUT PREJUDICE - 3

requirements. For instance, the complaint does not allege that Plaintiff filed a request for records to any government agency, what records he requested, whether the agency acted on his request, or whether Plaintiff administratively appealed the agency's determination as required before suing. *See* 5 U.S.C. § 552(a)(6)(A); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (Under FOIA, "[e]xhaustion of administrative remedies is generally required before seeking judicial review 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'") (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). Dismissal of this claim without prejudice is therefore also proper.

Plaintiff has filed affidavits indicating that he served the complaint and other documents on Defendants. Dkt. Nos. 6, 9. But service of the complaint is not effective under the Federal Rules of Civil Procedure unless it includes a summons. Fed R. Civ. P. 4(c)(1). The summons is issued by the Court and must "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a). Because Plaintiff's attempted service did not include the summons, it was not effective. And because Plaintiff's operative complaint does not state a claim on which relief may be granted, summons will not issue and this litigation cannot proceed.

In summary, this case is DISMISSED WITHOUT PREJUDICE. Defendant Sides' motion to dismiss (Dkt. No. 14) is therefore DENIED AS MOOT. The clerk shall mail Plaintiff a copy of this order along with a copy of the Pro Se Guide to Filing Your Lawsuit in Federal Court.

Dated this 31st day of October, 2025.

Kymberly K. Evanson
United States District Judge